IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN K. ROZAK,

                Plaintiff,

v.                                                      OPINION & ORDER

RANDALL R. HEPP, SGT. RANT, SGT. PAUL,           15-cv-367-jdp
GEORGE COOPER and DR. LARSON,

                Defendants.

---

Plaintiff Ryan K. Rozak, a prisoner at the Fox Lake Correctional Institution, has filed this proposed lawsuit in which he alleges that various prison officials are retaliating against him.

Plaintiff has paid an initial partial payment of the filing fee for this lawsuit, as previously directed by the court. The next step in this case is to screen plaintiff's complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because plaintiff is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After reviewing plaintiff's complaint with these principles in mind, I conclude that it must be dismissed for failure to satisfy the pleading standards of Federal Rule of Civil Procedure 8. I will give plaintiff an opportunity to correct this problem.

Plaintiff's allegations are difficult to follow, but he seems to be saying that various prison officials have retaliated against him by interfering with an inmate grievance, interfering with the administration of nutritional supplements, giving him false conduct

reports, and not giving him fair consideration for prison jobs. To succeed on a retaliation claim, plaintiff must establish that: (1) he engaged in activity protected by the First Amendment; (2) defendants took actions that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) the First Amendment activity was at least a "motivating factor" in defendants' decisions to take those actions. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

But before I can decide whether plaintiff may proceed on retaliation claims against any of the defendants he names in his complaint, he will need to provide a clearer explanation of the events forming the basis for his claims. I cannot tell from plaintiff's allegations why he believes that defendants are retaliating against him.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

I will dismiss plaintiff's complaint because his allegations do not comply with these rules. But I will I will give him a short time to file an amended complaint that more clearly explains the basis for his claims. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Plaintiff should state (1) the protected activity he was involved in that he believes motivated defendants to retaliate against him; (2) what each defendant did to retaliate against him; and (3) why he believes the defendants took those actions to retaliate against him. He should state the facts of what

actually happened rather than make broad allegations to the effect that his rights were violated without explaining exactly how he thinks his rights were violated. If plaintiff does not submit an amended complaint by the deadline set forth below, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Ryan K. Rozak's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until June 23, 2016, to submit a proposed amended complaint more clearly detailing his claims as discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss this case for plaintiff's failure to state a claim upon which relief may be granted.

Entered June 2, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge