IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN K. ROZAK,

                Plaintiff,

  v.                                                                                                    OPINION & ORDER

SGT. RANDT, SGT. PAUL, GEORGE COOPER                       15-cv-367-jdp
and DR. LARSON,

                Defendants.

---

Plaintiff Ryan K. Rozak, a prisoner at the Fox Lake Correctional Institution, brings claims that several prison officials violated his First Amendment rights by retaliating against him for filing lawsuits and grievances. I allowed Rozak to proceed on claims against defendants Sergeant Randt, Sergeant Paul, George Cooper, and Dr. Larson, but I dismissed other defendants and noted that Rozak appeared to be attempting to bring claims against other officials who were not named as defendants. *See* Dkt. 10. I gave Rozak a chance to supplement his amended complaint to clarify some of his claims. Rozak has done so, Dkt. 14, and he has filed a second supplement as well, Dkt. 28, so I will screen his new allegations. Several other matters are also before the court. Rozak asks for help in getting counsel to represent him. Defendants have filed a motion for partial summary judgment based on Rozak's failure to exhaust his administrate remedies. Dkt. 20. Defendants also seek a stay of the schedule pending resolution of their exhaustion motion.

**A. Supplements to the complaint**

Rozak says that he wants to bring a claim against Warden Randall Hepp because he responded to Rozak's letters by saying that Rozak should use the grievance process to address his concerns about retaliation. Rozak says that this means that Hepp ignored his complaints,

but this is incorrect. The Constitution does not require that Hepp personally investigate every letter sent to him, and pointing Rozak to the appropriate avenues for relief is an acceptable response. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[P]risoner's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients . . . . That can't be right."). Rozak's allegations also do not support a retaliation claim because they do not suggest that Hepp acted the way he did to get back at Rozak for filing lawsuits and grievances.

Rozak also states that he would like to bring retaliation claims against Sergeant Przybylinski for firing him from his job and against Captain Jamie Kuholk for ordering him to be confined to his room. But he says that he is not sure whether he may bring those claims in this lawsuit because he also brought them in another lawsuit, *Rozak v. Hepp*, No. 15-cv-134-jdp (W.D. Wis.). I conclude that he is barred from bringing those claims in this lawsuit because they were dismissed with prejudice along with the rest of his claims in the '134 case after the parties stipulated to dismissing that case with prejudice after reaching a settlement. The doctrine of claim preclusion bars successive litigation of "any claims that were litigated or could have been litigated in a previous action," *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016); *see also Reed v. Mackey*, 669 F. App'x 307, 308 (7th Cir. 2016) ("a district court may raise the issue [of claim preclusion] sua sponte when . . . preclusion clearly applies") (citing *Kratville v. Runyon*, 90 F.3d 195, 197–98 (7th Cir. 1996)).

Rozak wants to add retaliation claims against Sergeant Gemetzke and Sergeant Bailey for constantly harassing him. These claims do not suffer from the flaws mentioned above. For

the same reasons that I allowed Rozak to proceed on retaliation claims against the other defendants for their repeated harassing actions, I will allow him to proceed against Gemetzke and Bailey.

**B. Exhaustion**

Defendants have filed a motion for summary judgment on the ground that Rozak failed to exhaust his administrative remedies on most of his retaliation claims. Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suits." *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement's primary purpose is to "alert[ ] the state" to the problem "and invit[e] corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

Section 1997e(a) requires "proper exhaustion," *Woodford*, 548 U.S. at 93; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which means that the prisoner must follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo*, 286 F.3d at 1024. The Wisconsin Department of Corrections uses a four-step process called the Inmate Complaint Review System (ICRS) to review inmate grievances. *See* Wis. Admin. Code Ch. DOC 310.

Before Rozak amended his complaint to include claims against new defendants Gemetzke and Sergeant Bailey, I allowed him to proceed on the following retaliation claims:

3

1. Defendant Randt did not hire Rozak

2. Randt performed a search of Rozak's cell without an appropriate reason

3. Randt would not allow Rozak to take two pieces of fruit out of the dining hall

4. Randt and defendant Paul do not let Rozak eat where he wants

5. Defendant Larson forces Rozak drink his nutritional supplement in front of prison staff

6. Randt forces Rozak to stay in his cell from 8:00 a.m. to 4:30 p.m.

7. Defendant Cooper dismissed all of Rozak's grievances

*See* Dkt. 10, at 3.

Defendants produce Rozak's grievance history and state that he has exhausted only claims 1 and 3 by fulling litigating those issues through the ICRS process, that he failed to fully appeal his grievance about his nutritional supplement, and that he failed to file grievances about any of the other incidents.

In his opposition, Rozak mainly responds about claim 7, against Cooper for dismissing his grievances. Rozak states that he exhausted his other claims *though* Cooper (as an institution complaint examiner) and that Cooper dismissed them out of a retaliatory motive, but he does not dispute defendants' assertion that he never filed a grievance *about* Cooper. Therefore he has filed to exhaust his remedies regarding Cooper.

Rozak says that claims 2, 4, 5, and 6 are "on file," but he does not explain what he means by this. He does not say that he properly exhausted grievances about these issues, and he does not provide any evidence suggesting that his ICRS history as provided by defendants is inaccurate. Because Rozak fails to place into dispute the evidence provided by defendants showing that he failed to exhaust his administrative remedies on claims 2, 4, 5, 6, and 7, I will dismiss those claims without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004)

4

(dismissal for failure to exhaust is always without prejudice). He can refile those claims if he can successfully exhaust them, but he will likely find it impossible to file proper grievances because those events happened too long ago. Because Rozak's claims against defendants Paul, Larson, and Cooper are being dismissed, I will dismiss them from the case. The only claims remaining out of the original seven are claim 1 (about Randt failing to hire him) and claim 3 (about Randt stopping him from carrying two pieces of fruit out of the dining hall).

**C. Motion to stay schedule**

Defendants have filed a motion asking me to stay the summary judgment deadline of November 3, 2017, and all future case deadlines until I issue a ruling on their exhaustion motion. I have now ruled on the exhaustion motion, but the timing of this order does create some complications for the schedule. Assuming the state will agree to represent the new defendants, it is very likely that it will seek summary judgment on exhaustion grounds regarding the new claims. I will push the dispositive motions deadline to January 3, 2018, to accommodate the introduction of the new defendants and claims.

**D. Recruitment of counsel**

Finally, Rozak has filed two letters in which he asks about how recruitment of counsel works in this court and whether the court would appoint attorney William Sulton to represent him. He attaches a letter from Sulton stating that his law firm generally "does not get involved in prisoners' rights cases until after summary judgment or when the district court makes a request." Dkt. 19-1. Rozak states that he will need counsel because he reads at a fifth-grade level and has little understanding of how court procedure works.

I will explain how this court's recruitment process works. I do not have the authority to *appoint* counsel to represent a pro se plaintiff in this type of a case; I can only recruit counsel

who may be willing to serve voluntarily in that capacity. I take Attorney Sulton's letter as meaning that he is not interested in representing Rozak completely voluntarily, but might consider doing so if the court asked. If Rozak is asking me to *appoint* Sulton to the case, I must deny that request.

I would reach out to Sulton or other attorneys only if Rozak met this court's requirements for recruiting counsel. Normally, to show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Rozak has reached out to only one attorney, so he does not meet this requirement.

I am not convinced that Rozak meets the second requirement either. This court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). Although Rozak has a grade-school reading level and says that he has a limited knowledge of the law and this court's procedures, those impediments are fairly common among our pro se litigants and do not in themselves necessarily require court intervention to recruit counsel. He suggests that he will not be able to file an appropriate summary judgment response when the time comes, but I am not convinced that he needs help. The important thing for him

to do at summary judgment will be to explain the events surrounding the alleged acts of retaliation, and to explain how he knows that the various defendants meant to retaliate against him. Based on the submissions he has already filed in this case, he should be able to do this. As the case progresses, Rozak is free to renew his motion, but he will have to show the court that he has contacted two more lawyers, and explain what particular tasks are too complex for him to litigate without counsel.

ORDER

IT IS ORDERED that:

1. Plaintiff Ryan K. Rozak's supplements to his amended complaint, Dkt. 14 & Dkt. 28, will be considered part of the operative complaint.

2. Plaintiff is GRANTED leave to proceed on retaliation claims against defendants Sergeant Gemetzke and Sergeant Bailey.

3. The state may have until November 17, 2017, to answer or otherwise respond to plaintiff's new claims if it accepts service on behalf of the new defendants.

4. Plaintiff's motion to appoint attorney William Sulton, Dkt. 19, is DENIED.

5. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 19, is DENIED without prejudice to him renewing his motion later in the proceedings.

6. Defendants' motion for partial summary judgment on plaintiff's failure to exhaust his administrative remedies, Dkt. 20, is GRANTED. Plaintiff's claims numbered as 2, 4, 5, 6, and 7 above are DISMISSED without prejudice.

7. Defendants Paul, Larson, and Cooper are DISMISSED from the case.

8. Defendants' motion to stay the schedule, Dkt. 31, is DENIED as moot.

9. The dispositive motions deadline is extended to January 3, 2018.

Entered October 25, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge