IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN K. ROZAK,

                Plaintiff,

  v.                                                               OPINION & ORDER

SCOTT RANDT, CARLA GERNETZKE,                      15-cv-367-jdp
and JEREMY BAILEY,

                Defendants.[1]

---

Plaintiff Ryan K. Rozak, a prisoner at the Fox Lake Correctional Institution, alleges that prison officials violated his First Amendment rights by retaliating against him for filing lawsuits and grievances. In an October 25, 2017 order, I dismissed several of Rozak's claims for his failure to exhaust his administrative remedies. *See* Dkt. 32. At the same time, I allowed Rozak to amend his complaint with new retaliation claims against defendants Jeremy Bailey and Carla Gernetzke. *Id*. Now defendants have filed a motion for partial summary judgment on the remaining claims: they contend that Rozak failed to exhaust his supplemental claims, and that he cannot succeed on one of his retaliation claims against defendant Scott Randt because Randt's alleged retaliatory action was not significant enough to deter someone from exercising First Amendment rights. Rozak has filed his own motion for summary judgment and other motions on preliminary matters. I will deny Rozak's motions, partially grant defendants' motion for summary judgment, and set a schedule for resolution of the remaining claims at trial.

---

[1] I have amended the caption to add defendants' first names and correct the spelling of defendant Gernetzke's name.

ANALYSIS

A. Rozak's motions

Rozak has filed a motion or an extension of time, Dkt. 37, but he does not explain what the purpose of his motion is. Because the only deadline facing him was the dispositive motions deadline, I will assume that that is the deadline for which he seeks an extension. But he followed the motion for extension with a summary judgment motion, Dkt. 40, and he also filed materials opposing defendants' new motion for summary judgment, Dkt. 46. So I will deny his motion for an extension as moot.

Rozak does not submit proposed findings of fact in support of his summary judgment motion. Instead, he states that he "[would] like to draw [the court's] attention to the highlighted areas referencing the defendants' admission to guilt," Dkt. 40, at 1. He attaches and highlights portions of defendants' answer and exhaustion-related briefs, in which defendants admit that Rozak filed various grievances, and they reiterate what Rozak alleges defendants did to harm them. *See* Dkt. 40-1–3. But defendants' reiteration of Rozak's allegations is not proof that they are admitting those allegations to be true, so Rozak cannot use them as evidence that his version of the facts is correct. I will deny the portion of his motion in which he seeks summary judgment on the substance of his claims based on this evidence.

As for the portions in which Rozak refers to defendants' admissions that he filed various grievances, I will consider that evidence alongside the evidence raised by defendants in their motion, discussed below.

Rozak has also filed a document titled "Motion of Discovery," Dkt. 38, but Rozak does not detail any information that he has sought that defendants have failed to give him. Rather, he states that he seeks an order under various state and federal discovery statutes or rules. I

2

will deny the motion as being far too vague to present a request for relief that this court can grant. As has already been explained to him at the preliminary pretrial conference, *see* Dkt. 18, the Federal Rules of Civil Procedure govern the discovery process in this case, and he will have to make discovery requests under those rules before he can ask the court to intervene in discovery disputes. I will attach to this order another copy of the preliminary pretrial conference order.

Rozak also asks the court for copies of the documents that he has filed with the court. He states that he had copies of those documents but that prison staff lost them. He also says that he does not have funds to pay for new copies himself. I will direct the clerk of court to send him copies of those documents.

## B. Defendants' motion for summary judgment

I dismissed some of Rozak's claims in my previous exhaustion order, and I allowed Rozak to add other claims. *See* Dkt. 32. Currently, the following claims are alive in this case, and all of them are claims that defendants retaliated against Rozak for filing lawsuits and grievances:

- Defendant Randt refused to hire Rozak for a "PCW" job, and he would not allow Rozak to take two pieces of fruit out of the dining hall.

- Defendant Gernetzke harassed him and treated him differently from other inmates. Among other things, she forced him to go into his room while the floor was wet, pointed her flashlight at him, and interrupted him during meal time.

- Defendant Bailey harassed him about one of his previous lawsuits in this court, no. 15-cv-134-jdp, about the FLCI water being contaminated with lead and copper. Bailey pounded and kicked on his cell door and "made embarrassing statements" about him and his lawsuit while other inmates were around.

3

In defendants' second motion for summary judgment, they seek to dismiss the claims against Gernetzke and Bailey on exhaustion grounds, and they contend that one of Rozak's allegations against Randt is not serious enough to support a retaliation claim.

1. **Exhaustion**

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suits." *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement's primary purpose is to "alert[ ] the state" to the problem "and invit[e] corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

Section 1997e(a) requires "proper exhaustion," *Woodford*, 548 U.S. at 93; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which means that the prisoner must follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo*, 286 F.3d at 1024. The Wisconsin Department of Corrections uses a four-step process called the Inmate Complaint Review System (ICRS) to review inmate grievances. *See* Wis. Admin. Code Ch. DOC 310.

a. **Defendant Gernetzke**

Rozak filed two prison grievances against Gernetzke: one on February 16, 2016, about Gernetzke pointing her flashlight at him and favoring black inmates over him, and the other on March 26, 2016, alleging that Gernetzke was flirting with other inmates. The first grievance was rejected for failing to contain sufficient facts, and Rozak did not appeal the rejection. The

second was dismissed, but Rozak did not appeal the dismissal. The state says that Rozak's grievances do not actually address the bulk of his claims against Gernetzke, and that he failed to fully exhaust them. Rozak does not dispute the state's version of events or offer any other argument for why these claims should survive the exhaustion stage. I need not compare the scope of Rozak's grievances to the scope of his claims, because it is undisputed that Rozak did not fully exhaust the grievances. Because he failed to exhaust each step of the grievance process, I will grant defendants' motion for summary judgment on the claim against Gernetzke, and deny Rozak's motion.

   b.  **Defendant Bailey**

The state also contends that Rozak did not file any prison grievances about Bailey's retaliation. This is supported by his grievance history report. Dkt. 45-1. But the parties appear to agree that the history report is not a comprehensive summary of each *attempt* at a grievance. In their brief, defendants acknowledge that Rozak stated in a supplement to his complaint that he submitted a grievance about Bailey, but that the "[c]omplaint came back to me and said I had to talk to certain people before I could file . . . ." Dkt. 28, at 1. In his response, Rozak reiterates that his grievance was returned to him. He attaches: (1) a copy of that grievance that is marked "received" on June 9, 2017, Dkt. 46-1; and (2) a grievance appeal dated June 9, 2017 but not marked received, Dkt. 46-2. In the appeal he discusses how he spoke with prison officials about Bailey's harassment after having the grievance returned to him. He says that staff "must have lost [the appeal] . . . ." Dkt. 46, at 1.

The June 9 date on Rozak's appeal appears to be incorrect, because he mentions in the body of the appeal a discussion he had with a lieutenant about Bailey on June 14. But even assuming that the appeal was filed after June 14, ultimately it is defendants' burden to prove

that Rozak failed to properly exhaust his remedies, so they should have responded to Rozak's explanation of the events. Rather than saying that Rozak did not file a grievance, they should have discussed what Rozak did or failed to do after his grievance was returned to him, and what the grievance regulations say he was supposed to do. They also should have filed a reply brief responding to Rozak's discussion of his grievance and appeal, but they did not do so.

My own review of the prison regulations does not make Rozak's duties regarding a returned grievance clear. The version of the DOC's administrative regulations in effect at the time stated that the complaint examiner "may direct the inmate to attempt to resolve the issue," Wis. Admin. Code § 310.09(4),[2] but the regulation does not explain what the inmate is supposed to do after he attempts to resolve the issue. Rozak's appeal appears to have been his attempt to continue grieving the issue. Without defendants making an affirmative case for how Rozak mishandled the grievance process, I will not grant them summary judgment on exhaustion grounds.

Defendants do argue that because Rozak appears to have been complaining about Bailey's alleged retaliation from June 2017, they must be granted summary judgment because Rozak did not exhaust administrative remedies about this claim before this lawsuit was initiated in June 2015. It is usually true that a prisoner's claims must be exhausted before filing a lawsuit, but the issue is not quite as simple as defendants' undeveloped briefing implies. The Court of Appeals has suggested that there is an exception for claims that are discovered after the filing of the original complaint. *See Barnes v. Briley*, 420 F.3d 673, 678 (7th Cir. 2005) (allowing a plaintiff to proceed on an amended complaint where plaintiff exhausted remedies

---

[2] Chapter DOC 310 was recently re-created, *see* Wis. Admin. Reg., No. 747 (Mar. 2018), but I will refer to the version in place at the time of the events in this case.

after filing suit on new claims whose factual predicate was discovered after the original complaint was filed); *Cannon v. Washington*, 418 F.3d 714, 719–720 (7th Cir. 2005) (concluding that an inmate may amend his complaint to include claims that were not exhausted at the time that the original complaint was filed but that are exhausted by the time that an amended complaint is filed) (per curiam).

Here, Rozak obviously could not have exhausted his claims against Bailey before the lawsuit was filed, because Bailey's actions occurred after the complaint was filed. But defendants do not develop an argument taking into account *Barnes's* or *Cannon's* potential application to the case at hand. Because it is defendants' burden to prove an exhaustion defense, I will deny their motion on the claims against Bailey. The evidence here does not *prove* that Rozak exhausted his claims either, so I will deny his motion for summary judgment as well.

**2. Substance of Rozak's claim against defendant Randt**

To succeed on a retaliation claim, Rozak must establish that: (1) he engaged in activity protected by the First Amendment; (2) defendants took actions that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) the First Amendment activity was at least a "motivating factor" in defendants' decisions to take those actions. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Defendants raise a substantive challenge to one of Rozak's claims against defendant Randt: they contend that Randt's decision to stop Rozak from taking one of his two pieces of fruit out the cafeteria cannot support a retaliation claim because "this alleged deprivation is not severe enough to silence Rozak, nor would this alleged action dissuade a person of ordinary firmness from engaging in First Amendment protected

7

activity." They note that Rozak filed grievances and lawsuits even after the alleged retaliatory actions.

But as I explained in the order screening Rozak's claims, "[w]hen taken in isolation, some of these actions may be too minor to reasonably conclude that a person of 'ordinary firmness' would be deterred from filing a lawsuit or grievance in the future. But taken together, [Rozak's allegations are] sufficient to state [retaliation] claims . . . ." Dkt. 10, at 4. I must consider Rozak's claim about the fruit along with his claim about being turned down for a job in determining whether Randt's actions support a claim. And the deprivation of fruit, while seemingly minor in its own right, is less so given Rozak's allegation that he was medically prescribed double portions for his meals, which suggests that Randt attempted to undermine Rozak's special nutritional requirements.

Moreover, the question is not whether Rozak himself was chilled: the court applies an objective test, not a subjective test, to determine whether the alleged retaliatory actions would deter a person of "ordinary firmness" from engaging in the protected activity. *See, e.g., Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011). And I am wary of placing prisoners in a "catch-22" where they cannot succeed in retaliation lawsuits because their lawsuit itself shows that their speech was not chilled. So I will deny defendants' motion for summary judgment on this claim. That is not to suggest that defendants are foreclosed from arguing the "ordinary firmness" prong at trial.

## C.  Remaining schedule

Defendants have filed a motion to stay the schedule pending resolution of the motions discussed in this order. I will grant the motion, strike the current schedule and set a new one

to give the parties a reasonable time to file motions in limine and other pretrial materials. The new schedule is as follows:

>Discovery cutoff: June 18, 2018
>
>Final pretrial submissions and disclosures: June 25, 2018
>
>Pretrial submission responses: July 9, 2018
>
>Final pretrial conference: July 23, 2018, at 8:30 a.m.
>
>Trial: July 23, 2018, at 9:00 a.m.

I will follow this order with an order setting forth some trial preparation instructions for Rozak's benefit.

ORDER

IT IS ORDERED that:

1. Plaintiff Ryan K. Rozak's motion for extension of time, Dkt. 37, is DENIED as moot.

2. Plaintiff's motion for summary judgment, Dkt. 40, is DENIED.

3. Plaintiff's "Motion for Discovery," Dkt. 38, is DENIED.

4. The clerk of court is directed to send plaintiff a copy of the court's preliminary pretrial conference order and copies of the documents he has previously filed with the court.

5. Defendants' motion for summary judgment, Dkt. 43, is GRANTED in part. Plaintiff Ryan K. Rozak's claims against Carla Gernetzke are DISMISSED, and defendant Gernetzke is dismissed from the case.

6. Defendants' motion to stay the schedule, Dkt. 47, is GRANTED. The new schedule is given in the opinion above.

Entered April 20, 2018.

        BY THE COURT:

        /s/

        _____
        JAMES D. PETERSON
        District Judge