IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN K. ROZAK,

                      Plaintiff,

v.

SCOTT RANDT and JEREMY BAILEY,

                      Defendants.

ORDER

15-cv-367-jdp

---

Plaintiff Ryan K. Rozak, a prisoner at the Fox Lake Correctional Institution, alleges that prison officials violated his First Amendment rights by retaliating against him for filing lawsuits and grievances. Trial is set for July 23, 2018, with Rozak appearing pro se. The parties have filed several submissions that I will address below.

First, Rozak has filed a motion for the court to issue a writ of habeas corpus ad testificandum for proposed witness Michael VanCaster, Rozak's cellmate at FLCI, who states that he saw defendant Bailey harass Rozak in retaliation for a previous lawsuit. Dkt. 59. Rozak states that VanCaster is willing to testify voluntarily, and the proposed testimony is relevant, so I will grant the motion and direct the clerk of court to issue a writ for VanCaster.

Rozak also seeks to subpoena three potential witnesses: Gary Wenzel, a prisoner at the Oshkosh Correctional Institution, and Jerome Theus and Jodi Huebner, who are not incarcerated. Dkt. 65–67. But Rozak did not comply with this court's procedures for obtaining these witnesses, located in the court's pretrial conference order, Dkt. 18, and also attached to Rozak's copy of the court's trial preparation order, Dkt. 57. Rozak does not explain whether Theus refuses to testify voluntary or explain what Theus will testify about. Nor does Rozak explain that the non-incarcerated witnesses refuse to testify voluntarily or state that he is

prepared to pay the required witness fees. So I will deny all three of these motions. If Rozak still wants to obtain a subpoena for any of these three witnesses, he will have to resubmit his request as soon as possible and show that he has complied with the court's rules.

Rozak has filed a motion asking "to get all Defendants' Discovery materials," Dkt. 61, but he does not explain what he means by this. In particular, he does not explain whether he has made his own discovery requests to which he feels defendants have improperly responded. So I will deny the motion. It is possible that Rozak considers it moot anyway: he followed by submitting a set of documents to the court concerning his high-calorie diet (one of the alleged retaliatory incidents is that defendant Randt interfered with his medically prescribed diet by depriving him of extra fruit), which suggests that he has obtained the documents he sought. If Rozak still thinks that defendants have deprived him of certain discovery, he should quickly send a new motion to the court. But he will need to explain what steps he took to obtain the discovery before filing his motion.

Defendants have filed two motions in limine. Dkt. 73. First, they seek to exclude testimony or evidence referring to the specifics of Rozak's previous case, No. 15-cv-134-jdp, in which he sued FLCI about the quality of the water at the facility, and which the parties ultimately settled. Rozak alleges that defendants retaliated against him at least in part because of this lawsuit. Defendants are concerned about relitigating the water-quality issue, confusing the jury, and raising an inference that defendants were responsible for the water quality.

I will provisionally deny this motion. I am not interested in relitigating the '134 case, and Rozak will of course be limited to providing relevant evidence; it is difficult to see how nuanced details of the case could be relevant to the retaliation claims. But at this point, I don't know exactly what Rozak intends to say about the '134 lawsuit. He is entitled to latitude in

developing his explanation for why defendants acted with retaliatory intent, which may involve explaining prior events at FLCI, including the prior lawsuit. If need be, I will consider curative instructions to keep the jury focused on the issues central to the case at hand. But for now I will not enter an order forbidding any specific testimony. To be clear, Rozak should focus on introducing evidence he needs to prove his retaliation claims, not to prove that the water quality was bad. If he attempts to present evidence that is irrelevant to the question whether defendants retaliated against him, I will sustain defendants' objection.

Defendants also move for a ruling allowing them to raise Rozak's criminal convictions on cross examination under Federal Rule of Evidence 609. They say that they intend to ask if he has been convicted of a felony, and how many times. I will provisionally grant that motion. Defendants say that they wish to hash out the exact number of relevant convictions at the pretrial conference. I see two felony convictions on the Wisconsin CCAP website, one each in Portage County case nos. 2005CF114 and 2008CF318. To avoid surprises the day of trial, if there are any other convictions defendants seek to use, they should raise them with the court and Rozak no later than July 16, 2018.

ORDER

IT IS ORDERED that:

1. Plaintiff Ryan K. Rozak's motion for a writ of habeas corpus ad testificandum for Michael VanCaster, Dkt. 59, is GRANTED. The clerk of court is directed to issue a writ for VanCaster's appearance at trial.

2. Plaintiff's motions for subpoenas, Dkt. 65–67, are DENIED.

3. Plaintiff's motion asking "to get all Defendants' Discovery materials," Dkt. 61, is DENIED.

4. Defendants' motions in limine, Dkt. 73, are decided as discussed in the order above.

Entered July 9, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge